J-S24024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEREMY WHRITENOUR, | |
| Appellant | No. 2696 EDA 2014 |

Appeal from the PCRA Order entered August 28, 2014,
in the Court of Common Pleas of Lehigh County,
Criminal Division, at No(s): CP-39-CR-0003949-2003

BEFORE: GANTMAN, P.J., ALLEN, and MUSMANNO, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED APRIL 13, 2015**

Jeremy Whritenour ("Appellant") appeals *pro se* from the order denying his serial petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The pertinent facts and partial procedural history have been summarized as follows:

> On April 4, 2005, [Appellant] pled guilty to involuntary deviate sexual intercourse ("IDSI"), and was sentenced [to] 5 to 15 years in prison. On January 4, 2006, this Court affirmed the judgment of sentence and [Appellant] did not seek further review. ***See Commonwealth v. Whritenour***, 895 A.2d 653 (Pa. Super. 2006) (unpublished memorandum).

> [Appellant] subsequently filed his first PCRA Petition, which was denied on November 9, 2007. This court affirmed the denial on September 30, 2008. ***See Commonwealth v. Whritenour***, 964 A.2d 448 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 970 A.2d 430 (Pa. 2009). Thereafter, [Appellant] filed his

second PCRA Petition, which was dismissed as untimely filed on July 12, 2010. No appeal from that Order was filed.

*Commonwealth v. Whritenour*, 82 A.3d 1081 (Pa. Super. 2013), unpublished memorandum at 1-2.

On August 14, 2012, Appellant filed his third PCRA petition. Thereafter, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition as untimely filed. After considering Appellant's response, the PCRA court dismissed Appellant's third petition on September 14, 2012. On July 29, 2013, this Court affirmed the PCRA court's denial of post-conviction relief. *See Whitenour*, *supra*. In doing so, this Court noted that Appellant had "not explicitly pled or proven any of the exceptions to the PCRA's timeliness requirements." *Id.*, at 3. Appellant did not file a petition for allowance of appeal to our Supreme Court.

Appellant filed the serial PCRA petition at issue, his fourth, on August 6, 2014. Within this petition, Appellant asserts that he was denied parole by the Pennsylvania Board of Probation and Parole ("Parole Board") due to "negative letters of recommendations" made by both the trial court and the District Attorney's Office. *See* PCRA Petition, 8/6/14, at 2-A. Appellant also alleges that his trial counsel was ineffective for failing to object to the trial court's participation in the plea process, given the trial court's "erroneous recitation of the Parole Act." *Id.*, at 3-4.

On August 12, 2014, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's latest petition without a hearing. In his

response filed on August 21, 2014, Appellant asserted that his fourth PCRA petition is timely because it was filed within sixty days of the Parole Board's action. *See* Rule 907 Response, 8/21/14, at 6. Appellant also asserts that he only pled guilty because he believed his eligibility for parole depended "on him and it was a 'term' he considered in exchange for his pleas of guilty." *Id.* By order entered August 28, 2014, the PCRA court denied Appellant's fourth PCRA petition because it was untimely filed. This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. *Commonwealth v. Jordan*, 772 A.2d 1011 (Pa. Super. 2001).

Before addressing the substantive claims raised by Appellant in his *pro se* brief, we must first determine whether the PCRA court properly determined that Appellant's fourth PCRA petition was untimely.

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). Thus, if a PCRA petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. ***Id***. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. ***Id.***

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." ***Commonwealth v. Fowler***, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." ***Gamboa-Taylor***, 753 A.2d at 783. ***See also*** 42 Pa.C.S.A. § 9545(b)(2). Moreover, exceptions to the time restrictions of the PCRA must be pled in the petition, and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) ("Issues not

raised before the lower court are waived and cannot be raised for the first time on appeal.").

Appellant's judgment of sentence became final on February 3, 2006, after the expiration of time for filing a petition for allowance of appeal with our Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3). Thus, Appellant had until February 5, 2007, to file this PCRA petition, but he did not file it until August 6, 2014. Thus, Appellant's fourth petition is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant has failed to prove the applicability of any of the exceptions to the PCRA's time restrictions. Within his brief, Appellant asserts that his recent denial of parole constitutes "newly discovered evidence," and renders his latest petition timely under section 9545(b)(1)(ii). This exception requires that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii).

The PCRA court rejected Appellant's claim, reasoning:

> [Appellant's] contention that "negative letters of recommendations" were sent to the [Parole] Board are not unknown facts. [These allegations were previously raised in Appellant's PCRA filed on August 14, 2012.] [Appellant's] third PCRA made the same allegation based on the action of the [Parole] Board on July 9, 2012. Therefore, [Appellant,] who realized on July 9, 2012, that he would not "automatically" be paroled at the completion

of his minimum sentence, cannot now claim this evidence to be "newly discovered." ***See Commonwealth v. Herrold***, 776 A.3d 994 (Pa. Super. 2001); ***Ortiz v. Superintendent, SCI Dallas***, 2014 WL 645242, *3 (E.D.Pa. February 19, 2014) (slip copy) (petitioner was not allowed to claim evidence to be "newly discovered" under the PCRA, when issue regarding allegedly exculpatory evidence was previously raised and rejected); ***Commonwealth v. Chester***, 895 A.2d 520, 523 (Pa. 2006) (Trial counsel's arrest is not unknown to a PCRA petitioner when the information was a matter of public record). Additionally, the action of the [Parole] Board is also a legal determination that [Appellant] should not be paroled.

PCRA Court Opinion, 8/28/14, at 5-6 (footnotes omitted).

Our review of the record supports the PCRA court's conclusion that Appellant did not timely raise his claim of newly discovered evidence. ***See Commonwealth v. Edmiston***, 65 A.3d 339, 352 (Pa. 2013) (holding that to qualify for the newly-discovered exception under the PCRA, the facts must be unknown to the petitioner, not discoverable through reasonable diligence, and not part of the public record).

Within his brief, Appellant also asserts that the PCRA court "erred when it ignored to consider [sic] whether Appellant's post-PCRA claims of ineffective assistance of counsel are 'distinct' from previous[ly] litigated issues and may be brought in a post-conviction proceeding." Appellant's Brief at 6. The PCRA court correctly dispensed with this claim:

[Appellant] has also attempted to merge claims of ineffective assistance of counsel to avoid the jurisdictional hurdles. This attempt is unavailing because a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits.

- 6 -

> ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 785 (Pa. 2000) ("[S]ubsequent counsel's review of previous counsel's representation and a conclusion that previous counsel was ineffective is not a newly discovered 'fact' entitling [the PCRA petitioner] to the benefit of the exception for after-discovered evidence."). ***See also Commonwealth v. Perrin***, 947 A.2d 1284, 1287 (Pa. Super. 2008). In that regard, [Appellant's] claim that counsel was ineffective for failing to object to this Court's participation in the plea process "via his erroneous recitation of the Pennsylvania Parole Act" does not provide an exception to the time-bar.

PCRA Court Opinion, 8/28/14, at 6 (footnote omitted). ***See*** 42 Pa.C.S.A. § 9545(b)(4) (providing that for purposes of the exceptions to the PCRA time bar, "'government officials' shall not include defense counsel, whether appointed or retained") .

In sum, the PCRA court correctly determined that it lacked jurisdiction to consider Appellant's latest petition under the PCRA. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/13/2015

- 7 -